[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2007
THOMAS K. KAHN
CLERK

No. 06-12276
Non-Argument Calendar

_____

BIA No. A96-017-506

XHEVAT GASHI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 10, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Xhevat Gashi, a native and citizen of Kosovo, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his proceedings regarding his application for asylum, filed pursuant to 8 U.S.C. §§ 1158, 1231. Gashi argues that the BIA should have granted his motion to reopen because he presented new and material evidence of changed country conditions in Kosovo that supported his application for asylum. For the reasons set forth more fully below, we deny Gashi's petition for review.

Gashi arrived in the United States under the visa waiver program and was referred to the Immigration Judge ("IJ") for asylum-only proceedings. Gashi filed an application for asylum, alleging that he was persecuted in Kosovo on account of his nationality as an ethnic Albanian and his status as a member of the Democratic League of Kosovo ("LDK"). The IJ denied Gashi's applications for relief, finding that Gashi had not met his burden of establishing that he suffered past persecution in Kosovo or had a well-founded fear of persecution there on account of one of the protected grounds. Specifically, the IJ concluded that Gashi had not presented a credible claim that supported his applications for relief. Gashi appealed to the BIA, which affirmed the IJ's denial of Gashi's applications for relief on November 15, 2005. The BIA found that the IJ's adverse credibility determination was sufficiently supported by the record. Gashi then petitioned this Court for review of the BIA's and IJ's decisions, but we dismissed the petition as untimely.

2

On February 7, 2006, Gashi filed before the BIA a motion to reopen his asylum-only proceedings, pursuant to 8 C.F.R. § 1003.2(c), on the grounds that he had new evidence that was material and previously unavailable and that there were changed country conditions in his designated country of removal. In his motion, Gashi contended that he had new evidence in the form of affidavits from witnesses that were previously unavailable and would corroborate the persecution he suffered in Kosovo. He also argued that the death of the President of the LDK changed the country conditions in Kosovo such that, if Gashi were returned there, he would "surely" be persecuted by opposition parties that were beyond the control of the government.

Gashi submitted eight exhibits in support of his motion to reopen. Five of Gashi's exhibits were affidavits from himself, his wife, and his friends from Kosovo concerning the persecution that Gashi suffered while he was in Kosovo. Gashi claimed that his remaining three exhibits supported his assertions regarding the changed country conditions in Kosovo. First, Gashi submitted a biography of Ibrahim Rugova from the Wikipedia[1] website, which indicated that Rugova was the president of Kosovo and the LDK and had died on January 21, 2006. Second, Gashi included an article from MSNBC.com, entitled "Kosovo President Ibrahim

_____

[1]Wikipedia is a free internet encyclopedia that is collaboratively written by its readers and can be edited by anyone. See http://en.wikipedia.org/wiki/Wikipedia:Introduction.

Rugova dead at 61: Icon of ethnic Albanian drive to win independence had lung cancer." The article indicated that Rugova's death left "a leadership vacuum at the most sensitive time since the Kosovo war ended in 1999" and that the government had "expressed fears that Rugova's successor might not share his commitment to nonviolence." It further stated that ethnic Albanians were a 90 percent majority in Kosovo and that the United Nations Secretary-General Kofi Annan believed that Rugova's death would not disrupt Kosovo's drive for independence. Lastly, Gashi submitted an article from USATODAY.com, entitled "Kosovo President Ibrahim Rugova Dies," which included similar information as that in the MSNBC.com article.

In reviewing Gashi's motion to reopen, the BIA found that Gashi failed to establish that the affidavits he submitted were previously unavailable. The BIA determined, however, that, even considering the statements in the affidavits, they did not contain sufficient factual detail to establish that the IJ clearly erred in its adverse credibility finding. With regard to the news articles that Gashi submitted, the BIA found that they did "not establish a material change in country conditions or that [Gashi] has a reasonable well-founded fear of return to Kosovo." The BIA thus denied Gashi's motion to reopen, concluding that Gashi did not present sufficient evidence to warrant reopening his proceedings.

On appeal, Gashi argues that the BIA abused its discretion in denying his

4

motion to reopen because the BIA did not specify why it found that his evidence of changed country conditions did not warrant a reopening. Gashi contends that the BIA did not consider all of the evidence that he presented regarding the changed conditions in Kosovo. He further argues that his new evidence of changed country conditions was crucial to his claims because it contradicted the IJ's finding, in his original proceeding, that Gashi failed to show that he could not have sought help from the LDK to avoid persecution.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

Gashi filed his motion to reopen based upon changed country conditions and pursuant to 8 C.F.R. § 1003.2(c), which states that such a motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); see also 8 C.F.R. § 1003.2(c)(3)(ii) (indicating that an alien may file a motion to reopen based upon changed country conditions in the alien's country of nationality). Moreover, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a

5

prima facie case for relief."  8 C.F.R. § 1003.2(a).  We have previously held that:

> [a]t a minimum, there are at least three independent grounds upon
> which [the BIA] may deny a motion to reopen: 1) failure to establish a
> prima facie case; 2) failure to introduce evidence that was material
> and previously unavailable; and 3) a determination that despite the
> alien's statutory eligibility for relief, he or she is not entitled to a
> favorable exercise of discretion.

Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

As Gashi indicated before this Court and the BIA, he sought to reopen his

asylum-only proceedings based upon changed country conditions in Kosovo.  An

asylum applicant can establish a well-founded fear of future persecution by

presenting "specific, detailed facts showing a good reason that he or she will be

singled out for persecution on account of" the statutorily listed factor.  Sepulveda

v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir.2004) (emphasis in original)

(quotation omitted).  Alternatively, an applicant can also establish a well-founded

fear of persecution, without showing that he would be singled out for persecution,

if the applicant establishes that there is a pattern or practice of persecution of

persons similarly situated to the applicant on account of their race, religion,

nationality, membership in a particular social group, or political opinion.  8 C.F.R.

§ 208.13(b)(2)(iii).

As an initial matter, review of Gashi's appellate brief indicates that he does

not challenge  the BIA's finding that the affidavits Gashi submitted in support of

his motion to reopen were (1) not previously unavailable, and (2) even if they were, they did not establish that the IJ clearly erred in its adverse credibility finding. Gashi argues before this Court only that his motion to reopen was timely and that the BIA erred in its finding with regard to his evidence of changed country conditions. Accordingly, Gashi has abandoned any argument that the affidavits warranted a reopening of his asylum-only proceedings. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that an issue not raised on appeal is abandoned).

Concerning Gashi's claim regarding changed country conditions, the BIA did not abuse its discretion by denying Gashi's motion to reopen because the documentary evidence presented in support of his motion did not establish a material change in country conditions in Kosovo that would have made Gashi eligible for asylum relief. See 8 C.F.R. § 1003.2(c)(1). Although Gashi claims that Rugova's death so changed the country conditions in Kosovo to the extent that Gashi was now eligible for asylum relief, the news articles are not probative of his claims because they showed no incidents of violence against ethnic Albanians. Rather, the articles referred only to the possibility that Rugova's successor "might not share his commitment to nonviolence." In addition to stating that possibility, one article indicated that ethnic Albanians were a 90 percent majority in Kosovo and that the United Nations Secretary-General Kofi Annan believed that Rugova's

7

death would not disrupt Kosovo's drive for independence. The articles therefore do not indicate that there is a pattern or practice in Kosovo of persecuting ethnic Albanians or that Gashi would be singled out for persecution on account of his status as an ethnic Albanian. See 8 C.F.R. § 208.13(b)(2)(iii); Sepulveda, 401 F.3d at 1231. Thus, the articles do not support Gashi's fear of returning to Kosovo.

Moreover, to the extent that Gashi claims that the BIA did not address all of his evidence of changed country conditions or provide a reason for its decision, that argument is without merit because (1) the BIA noted that Gashi had submitted articles regarding Rugova's death, but that those articles did not establish a material change in country conditions or that Gashi had a well-founded fear of persecution if returned to Kosovo, and (2) the BIA referenced 8 C.F.R. § 1003.2, which requires that a motion to reopen shall not be granted unless the evidence sought to be offered is material. See Osuchukwu v. INS, 744 F.2d 1136, 1142-43 (5th Cir.1984) (explaining that the BIA "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted"). Accordingly, the BIA did not abuse its discretion in denying Gashi's motion to reopen, and, thus, his petition for review is

**DENIED.**

8