[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2007
THOMAS K. KAHN
CLERK

No. 06-14312
Non-Argument Calendar

_____

BIA Nos. A95-242-168 & A95-242-169

NEIFI IRINA ROJAS,
WILSON EDUARDO JIMENEZ,
VIVIANA A. JIMENEZ,
JULIAN M. JIMENEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 2, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Neifi Irina Rojas, on behalf of herself, her husband Wilson Jimenez, and their two children Viviana and Julian Jimenez (collectively "Petitioners"), petitions this court for review of the decision by the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings. For the reasons that follow, we affirm.

## I. Background

Petitioners, natives and citizens of Colombia, entered the United States in 2000 on immigrant visas, and they all remained beyond their visas' expiration periods. The INS[1] issued Notices to Appear, charging Petitioners with removability under INA § 237(a)(1)(B) and 8 U.S.C. § 1227(a)(1)(B). Rojas applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), alleging that she and her family had been persecuted by members of the Revolutionary Armed Forces of Colombia ("FARC") because of her political opinion. Following hearings conducted on April 4, 2003, and March 31, 2004, the Immigration Judge ("IJ") denied relief, concluding that the asylum application was untimely and that Rojas had failed to demonstrate that she was eligible for withholding of removal or relief under the

---

[1] In 2002, President Bush signed into law the Homeland Security Act, which created a new Department of Homeland Security and abolished the INS, transferring its responsibilities to the new department. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. Because this case initiated before the transfer, this opinion refers to the INS in the interest of clarity.

2

CAT because she had not established past persecution or a well-founded fear of future persecution on account of a statutorily-protected ground.

Rojas timely appealed to the BIA, which affirmed the IJ's decision on November 25, 2005. Rojas filed a timely motion for reconsideration, which the BIA denied on the grounds that Rojas had failed to specify any error of law or fact in the prior decision. On April 26, 2006, Rojas filed a motion to reopen the proceedings, seeking to present evidence that conditions in Colombia had deteriorated and that the FARC still considered her a target. Rojas supported her motion with affidavits from her brother-in-law, father, and the person responsible for maintaining her Colombia apartment. The affidavits stated that Rojas was forced to flee Colombia due to political persecution and that her family in Colombia had continued to receive threats against her. Rojas also attached news articles detailing the FARC's ongoing guerilla activities.

The BIA denied the motion to reopen, concluding that the motion was untimely because it was not filed within 90 days of the BIA's final determination and that Rojas was not entitled to invoke the exception to the 90-day filing requirement because she failed to establish that the information in the supporting affidavits could not have been discovered or presented at the previous hearing. Rojas now petitions this court for review.

3

## II. Discussion

Rojas argues that the BIA abused its discretion by denying the motion to reopen. She asserts that the supporting news articles and affidavits, which were dated August 2005, January 2006, and March 2006, were not available during the 2003 and 2004 hearings before the IJ. She also argues that these supporting documents established that she had suffered past persecution, demonstrated that she risked future persecution if she returned to Colombia, and would change the outcome of her underlying claims for relief if considered.

We review the BIA's denial of a motion to reopen for an abuse of discretion. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (citation and internal quotation marks omitted).

An alien may file one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." Id. at 1149 (citation omitted). "A motion to reopen immigration proceedings 'must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.'" Id. (quoting 8 C.F.R. § 1003.2(c)(2)).

4

The time and numerical limitations do not apply, however, to a motion to reopen based on changed conditions in the country of nationality *if* such evidence is material and was not available and could not have been discovered or presented at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii). In addition, at any time, the BIA can reopen or reconsider, on its own motion, a case in which it has rendered a decision. 8 C.F.R. § 1003.2(a). Motions to reopen are disfavored, however, especially in a removal proceeding "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi, 430 F.3d at 1149. As such, a motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Here, although the affidavits Rojas submitted in support of her motion were dated approximately two years after her March 2004 hearing before the IJ, the affidavits merely rehash the general assertion that Rojas fled Colombia due to "political persecution" and contain no new information tending to dispute the IJ's conclusion that Rojas failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily-protected ground such as, *inter alia*, religion, membership in a particular social group, or political opinion. Likewise, although the news articles Rojas submitted in support of her motion detail the

FARC's ongoing acts of violence, the articles provide nothing to connect that violence to Rojas's politics or her membership in a protected group. Thus, we cannot say that the evidence Rojas submitted in support of her motion to reopen was not available and could not have been discovered or presented at her earlier hearing before the IJ. See 8 C.F.R. § 1003.2(c)(1). Accordingly, we conclude that the BIA did not abuse its discretion by denying the motion to reopen.

### III. Conclusion

For the foregoing reasons, we DENY Rojas's petition and AFFIRM the BIA.