[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2007
THOMAS K. KAHN
CLERK

No. 06-16300
Non-Argument Calendar

_____

BIA No. A97-185-131

LORENA MARIA ACEVEDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 21, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lorena Acevedo seeks review of an order of the Board of Immigration

Appeals ("BIA") dismissing as untimely her motion to reopen and affirming the immigration judge (IJ)'s denial of relief from removal. For the reasons that follow, we deny her petition.

## I. BACKGROUND

Acevedo, a native and citizen of Colombia, arrived as a non-immigrant visitor with permission to remain in the United States for a limited time. Instead of returning to Colombia, Acevedo applied for asylum, withholding of removal under the Immigration and Naturalization Act, and relief under the United Nations Convention Against Torture and Other Cruel Inhuman or Degrading Treatment or Punishment. In her application, she alleged past persecution and a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") for her political views and membership in an organization she founded to help peasant children.

The Immigration and Naturalization Service[1] charged Acevedo with removability for remaining in the United States for a longer time than permitted. Acevedo testified at her asylum hearing on January 26, 2005 that in March 1997, she started a youth group to persuade young people not to join the FARC. She also

---

[1] On November 25, 2002, President George W. Bush signed into law the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The Act created the Department of Homeland Security ("DHS"), abolished the Immigration and Naturalization Service ("INS"), and transferred its functions to the new department. Although the Notice to Appear was issued after the act became effective, some of the documents in the record referred to the DHS as the INS.

testified that the FARC sent children to warn her youth group not to interfere with FARC activities, and that from October 1999 to October 2002, she received threatening telephone calls from FARC members. She further testified that in September 2002, the FARC detonated bombs that damaged her grandmother's house, where Acevedo lived. She submitted photographs depicting property damage.

Although the IJ consulted the U.S. State Department's 2003 Country Report for Colombia, which described the FARC's terrorist activities, she found that Acevedo's testimony was not credible. The IJ determined that Acevedo failed to establish past persecution or a well-founded fear of future persecution. The IJ ordered Acevedo removed from the United States to Colombia. Acevedo timely appealed, but the BIA affirmed the IJ's decision. She then filed a motion to reconsider, which the BIA denied.

On September 7, 2006, Acevedo moved to reopen her removal proceedings. Her motion included as evidence several news articles dated August 2001, May 2005, and January–September 2006 and signed, but unsworn letters from her neighbor and grandmother. The articles described the FARC's recruitment efforts and violent acts throughout Colombia. Acevedo's neighbor wrote that she had been taking care of Acevedo's grandmother's property since the end of 2005 because the grandmother moved for safety reasons. Acevedo's grandmother wrote

that FARC members continued to call and visit the house, looking for Acevedo.

The BIA dismissed as untimely Acevedo's motion to reopen because the motion was due on August 8, 2006. Acevedo appeals.

## II. STANDARD OF REVIEW

"We review the BIA's denial of a motion to reopen for an abuse of discretion. Our review is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (citations omitted).

## III. DISCUSSION

Acevedo claims that the BIA abused its discretion by dismissing as untimely her motion to reopen her removal proceedings. She argues that the news articles and letters supporting her motion were material, could not be produced at her earlier asylum hearing, and showed "changed circumstances arising" in Colombia since that hearing.

Generally, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered . . . ." 8 C.F.R. § 1003.2(c)(2). An exception to the time limitation exists for a motion to reopen "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or

4

presented at the previous hearing." § 1003.2(c)(3)(ii).

Acevedo moved to reopen on September 7, 2006, about a month after the August 8, 2006 deadline. She sought to invoke the timely filing exception by providing news articles and letters as new evidence. She argues that they are material because they tend to show the danger she would face if she returned to Colombia.

Although the articles and letters described the FARC's continuing violent acts, they did not show "changed circumstances arising" in Colombia since Acevedo's asylum hearing. The articles did not show an increase in attacks on humanitarian groups like the one Acevedo founded. Nor did they provide any specific evidence of new threats against Acevedo or humanitarian groups. Similarly, the letters did not specifically describe new threats or attacks. They merely confirmed Acevedo's previous allegation that potentially threatening strangers were calling and visiting her grandmother's house.

## IV. CONCLUSION

The articles and letters do not provide material information that was unavailable during Acevedo's asylum hearing. They do not describe "changed circumstances arising" in Colombia and implicate the timely filing exception. § 1003.2(c)(3)(ii). We therefore hold that the BIA did not abuse its discretion by denying as untimely Acevedo's motion to reopen her removal proceedings.

**PETITION DENIED.**

5