[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2008
THOMAS K. KAHN
CLERK

No. 07-11431
Non-Argument Calendar
_____

BIA No. A78-262-974

LIAN QING,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 8, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Lian Qing, a native and citizen of China, petitions, through counsel, for review of the Board of Immigration Appeal's ("BIA") decision denying her untimely motion to reopen her asylum proceedings, under 8 U.S.C. § 1229a(c)(7)(C). Qing argues that she met the statutory exception for filing a motion to reopen beyond the 90-day deadline because she provided evidence of a change in her personal circumstances by attaching a copy of her marriage certificate and the birth certificates of her two children. She asserts that, because she gave birth to two children in the United States, she would be subject to forced sterilization if returned to China, due to that country's family planning policies.

We review "the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). There is an exception to the filing deadline when the motion "is

2

based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). To meet this exception, therefore, a movant must present material evidence. Id.

We recently addressed a situation similar to the instant case, in which a Chinese petitioner was granted a motion to reopen based on the births of her children in the United States and her objective fear of persecution if she were returned to China because of that country's practice of forced abortions and sterilizations. Li v. U.S. Att'y Gen., 488 F.3d 1371, 1373 (11th Cir. 2007). In contrast to the instant case, however, the petitioner there offered country reports and various other reports, along with her own affidavit and that of her mother, still living in China, who attested that family planning enforcement had become more severe in her region, and three women were forcibly sterilized after the birth of each one's second child. Id. We concluded that the petitioner presented evidence sufficient to establish a "recent campaign of forced sterilization in her home village," and therefore, satisfied the criteria for a motion to reopen based on "material and previously unavailable evidence of changed conditions in China." Id. at 1375.

3

Qing's motion to reopen was untimely because it was filed beyond the 90-day statutory period, and she did not meet the requirements for the exception to this deadline because she did not offer any evidence of changed country conditions. Because the only evidence that she offered was a copy of her marriage certificate and the birth certificates of her two children – reflecting only a change in her personal circumstances – the BIA did not abuse its discretion in concluding that Qing failed to show that the conditions in China have materially worsened for citizens returning with children born in the United States. Accordingly, we affirm.

**AFFIRMED.**