[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

No. 07-12839
Non-Argument Calendar
_____

BIA No. A79-399-471

KLODIAN YZO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(March 6, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Klodian Yzo, who states that he is a native and citizen of Albania, petitions this Court to review the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his asylum proceedings. On appeal, Yzo argues that

the BIA erred by not reviewing the IJ's finding that his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), was frivolous because there was no conclusive evidence that he knowingly fabricated material elements of his claim and he was not given an adequate opportunity to explain the discrepancies in his testimony.[1] After careful review, we <u>deny</u> the petition for review.

We review the BIA's denial of a motion to reopen for an abuse of discretion. <u>Li v. U.S. Att'y Gen.</u>, 488 F.3d 1371, 1374 (11th Cir. 2007). The BIA abuses its discretion if it exercises that discretion in an arbitrary or capricious manner. <u>Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1149 (11th Cir. 2005).

The relevant facts are straightforward. On April 19, 2001, Yzo arrived in the United States, seeking entry under the Visa Waiver Program and requesting asylum under the INA and relief under the CAT. In June 2001, Yzo submitted an application for asylum, withholding of removal, and relief under CAT, alleging

---

[1] We are unpersuaded by the government's argument to dismiss the appeal, although we pause to note we discern no abuse of discretion in the BIA's refusal to apply equitable tolling to Yzo's ineffective-assistance-of-counsel claim -- a decision that is entirely consistent with our binding precedent. <u>See, e.g., Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1149-50 (11th Cir. 2005) (finding no abuse of discretion in BIA's denial of untimely motion to reopen based on ineffective-assistance-of-counsel claim, where the motion was time-barred under 8 C.F.R. § 1003.2(c)(2)). We observe that the BIA aptly noted that the reason for the IJ's disbelief of Yzo's claim had <u>nothing</u> to do with the assistance of counsel, but rather, "stemmed largely from [Yzo's] own 'inconsistent' and confusing testimony."

2

that, because of his membership in the Democratic Party ("DP") in Albania, he and his family had suffered persecution and he feared future persecution.

At an initial hearing, Yzo was advised of the consequences of filing a frivolous application for asylum, and he swore that his application was true and complete. In proceedings before an IJ on January 11, 2002, a forensics expert opined that Yzo's birth certificate was fabricated. Yzo then testified about various incidences of arrests and beatings, as well as his travels to various countries in which he never sought asylum. He also described his involvement with the DP in Albania, as well as his employment as a bodyguard and driver for the DP's leader. Notably, during cross-examination, Yzo (1) changed his answers regarding the date he joined the DP; (2) gave inconsistent spellings of the name of the man for whom he alleged he had worked; and (3) gave conflicting testimony regarding an incident during which he claimed to have been beaten, the number of times he had been arrested, and the dates of his prior arrests.

The IJ denied Yzo's application for asylum, withholding of removal, and relief under CAT, and found Yzo's application to be frivolous. The IJ ordered Yzo removed to Albania or to another country if Albania was not his true country of nationality. The IJ based its frivolity decision on these facts: (1) Yzo's birth certificate was fabricated; (2) he admitted that most of his documents were not genuine; and (3) he gave inconsistent testimony concerning his participation in the

3

DP and the details regarding his encounters with police. The IJ found that Yzo had not been truthful and noted that his testimony regarding his membership in the DP "is so basic to the claim that his changing the dates only diminishes the claim to asylum to an even weaker and weaker point." The IJ concluded: "[m]erely the testimony and the lack of consistency is enough to show that this application for asylum is fraudulent," and that "[h]e's fabricating his answers within his asylum application."

Yzo appealed the IJ's decision to the BIA, arguing that his "somewhat inconsistent" testimony was not "substantial enough to justify the decision that the application was frivolous . . . ." On October 23, 2003, the BIA affirmed the IJ's decision, finding that the record provided adequate support for the IJ's finding that Yzo's application was frivolous. The BIA noted that many of Yzo's evidentiary documents were fraudulent and that his testimony lacked credibility with respect to material elements of his claim. Following the BIA's order, Yzo did not file a petition for review with this Court.

Over three years later, in April 2007, Yzo, proceeding with a new attorney, filed a motion to reopen the proceedings, alleging, inter alia, that (1) new, material evidence was now available; (2) conditions in Albania had changed since the hearing; (3) his father had received new threats from Albanian government forces; and (4) his Albanian family feared for their lives. Yzo submitted telephone bills

4

and a 2006 U.S. State Department report on Albania's country conditions, in support of the motion to reopen.

On May 8, 2007, Yzo filed an amended motion to reopen and included various documents made available after the filing of the first motion. In the amended motion Yzo alleged that his previous counsel was ineffective for failing to submit important documents at his merits hearing, over three years earlier. He also asserted that after the BIA's decision, he had hired a different attorney, who also provided ineffective assistance by failing to file a timely motion to reopen.

On May 25, 2007, the BIA denied Yzo's motion to reopen. The BIA first noted that the motion to reopen was filed more than 90 days after the BIA's final decision in 2003, and thus was time-barred. The BIA further noted that even if the motion was not time-barred, the BIA's earlier finding that Yzo's application for asylum was frivolous <u>barred</u> further consideration of his asylum claim.[2] Thus, the BIA denied Yzo's motion to reopen as to the asylum claim because neither the general conditions in Albania nor his allegation that his father had been threatened

_____

[2] The BIA also concluded that to the extent Yzo's sought to reopen his withholding-of-removal claim based on changed country circumstances and new threats to his family, the motion should be denied because the most recent country report for Albania stated that human rights were generally respected and that citizens were able to exercise their rights to change the government peacefully. On appeal, Yzo does not raise any argument challenging these conclusions concerning his withholding-of-removal claim and therefore has abandoned any argument. <u>See</u> U.S. Att'y Gen. v. Sepulveda, 401 F.3d 1226, 1228 n.2 ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

satisfied the standard for a motion to reopen, particularly in light of the IJ's earlier finding, previously affirmed by the BIA, that Yzo was not credible. This petition for review followed.

Section 208(d)(6) of the INA provides that an alien who makes a frivolous application despite having received notice of the consequences of doing so, "shall be permanently ineligible for any benefits under the [INA]." 8 U.S.C. § 1158(d)(6). The implementing regulation describes a frivolous application as one in which the IJ or the BIA, after first being satisfied that the applicant had been provided with an opportunity to account for discrepancies and implausible aspects of the application,[3] finds that "any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20.

Here, we discern no abuse of discretion in the BIA's denial of Yzo's motion to reopen, in light of the earlier frivolity determination as to his asylum application

---

[3] Yzo was given a "meaningful opportunity" to account for discrepancies in his asylum claim. In his order denying Yzo's claim, the IJ noted that Yzo was given "ample opportunity" to address discrepancies such as fraudulent documents, as well as issues concerning verification of his identity. Moreover, the IJ found that even assuming Yzo's identity as an Albanian, the lack of consistency in his testimony "is enough to show that [his] application for asylum is fraudulent." Yzo had the opportunity to explain any discrepancies in his testimony when he filed his appeal with the Board on February 11, 2002. However, rather than explain the inconsistencies in his testimony, Yzo simply asserted that "they were not substantial enough to justify [a frivolous finding]." Ultimately, the Board concluded in its October 23, 2003 decision that Petitioner submitted fraudulent documents and that his testimony "lacked credibility in relation to material elements of his claim." At that point, Yzo had another chance to contest the adverse credibility finding by filing a petition for review in this Court. He failed to do so. Simply put, at this late date, Yzo's suggesiton that he was not given sufficient opportunity to challenge the credibility finding is wholly unpersuasive and directly contradicted by the record.

-- a frivolity determination that is amply supported by substantial evidence in the record, including Yzo's birth certificate, which the IJ found to be fabricated; Yzo's own admission that some of his documents were not genuine; Yzo's wholly inconsistent testimony on his participation in the DP and his encounters with authorities. Under 8 U.S.C. § 1158(d)(6), Yzo was legally barred from receiving the relief he requested in the motion to reopen, that is, asylum. Accordingly, we deny the petition for review.

**PETITION DENIED.**