[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2009
THOMAS K. KAHN
CLERK

No. 08-11291
Non-Argument Calendar
_____

Agency Nos. A70-846-943, A76-930-115

DENIS CENTENO-HERNANDEZ,

LILLIAM TREMINIO,
a.k.a. Lilliam Centeno,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 6, 2009)

Before CARNES, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Petitioners Denis Centeno-Hernandez and Lilliam Treminio[1] challenge the Board of Immigration Appeals' order affirming the Immigration Judge's order denying their application for asylum and CAT relief.[2] They also challenge the BIA's denial of their motion to remand the proceedings to the IJ, which was construed as a motion to reopen. Centeno-Hernandez contends that the record compels the conclusion that he suffered past persecution and has a well-founded fear of future persecution or torture based on his presumed anti-Sandinista political opinions. He also contends that Sandinista leader Daniel Ortega's reelection as President of Nicaragua following his asylum hearing justifies reopening the removal proceedings.

I.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Because the BIA based its conclusions on the reasons identified in the IJ's decision, we will review both decisions.

---

[1]Because Centeno-Hernandez listed Treminio as a derivative applicant, the basis for her asylum claim is the same as his. See INA § 208(b)(3), 8 U.S.C. § 1158(b)(3). Accordingly, we will refer only to Centeno-Hernandez. Centeno-Hernandez also requested derivative relief for his children, but they are not listed in the petition for review, and their claims are not before us.

[2] Centeno-Hernandez also originally requested withholding of removal, but he has waived that claim by failing to argue it on appeal. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208, 8 U.S.C. § 1158(a)(1). The asylum applicant carries the burden of proving statutory refugee status. See Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish: (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Al Najjar, 257 F.3d at 1287 (internal quotation marks and citation omitted).

We review factual determinations under the "substantial evidence" test. Id. at 1283. That test is "highly deferential" and does not allow "reweigh[ing] the evidence from scratch." Silva v. United States Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (quotations omitted). Instead, we must affirm if the IJ's and BIA's factual determinations are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation marks omitted). "To reverse the IJ's [and BIA's] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

Here substantial evidence supports the IJ's and BIA's finding that Centeno-Hernandez has not suffered past persecution. "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotation marks omitted). Centeno-Hernandez's claim is based on his detention for seven to fifteen days in his military unit after making a statement in opposition of then-General Humberto Ortega. During his detention, he was not physically tortured or beaten. He argues, however, that he was psychologically tortured with sleep depravation because he was interrogated frequently and was allowed to sleep for only a few hours at time during his detention. Although we have rejected "a rigid requirement of physical injury," De Santamaria v. United States Att'y Gen., 525 F.3d 999, 1008 (11th Cir. 2008), we refused to reverse the BIA where a petitioner was detained for several days, subjected to psychological coercion, and forced to stand out in the sun for two hours. See Zheng v. United States Att'y Gen., 451 F.3d 1287, 1291 (11th Cir. 2006). The evidence regarding Centeno-Hernandez's detention and interrogation, is insufficient to compel the conclusion that he was persecuted. See id; see also Djonda v. United States Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (concluding that the record did not compel the conclusion that the petitioner had suffered past persecution when he

4

was detained for thirty-six hours, suffered a "minor beating," and was later threatened with future harm).

Additionally, the record does not compel the conclusion that Centeno-Hernandez's fear of future persecution was objectively reasonable. His fear stems from his one-time statement of opposition against then-General Humberto Ortega and his desertion from the army. The statement at issue was made thirteen years before the 2006 removal proceedings, and General Ortega no longer commands the Nicaraguan military. Further, Centeno-Hernandez's children continue to live in Nicagrua unharmed. Those factors undermine an objective fear of future persecution. See Sepulveda, 401 F.3d at 1232 (holding that threats of future violence based on prior political activity are insufficient to compel a finding of future persecution where the evidence does not indicate that the petitioner's notoriety would outlast her four-year absence). Centeno-Hernandez has also failed to present any evidence that military deserters have been "disproportionately punished" in Nicaragua. See Mohammed v. United States Att'y Gen., 547 F.3d 1340, 1346 (11th Cir. 2008). Although Centeno-Hernandez fears detention if he returns to Nicaragua, detention is not the same thing as persecution. See Djonda, 514 F.3d at 1171. Accordingly, substantial evidence supports the IJ and BIA's denial of asylum to Centeno-Hernandez.

Because Centeno-Hernandez has failed to demonstrate a well-founded fear of persecution to support his asylum claim, he cannot establish entitlement to relief under CAT.  See Al Najjar, 257 F.3d at 1303.

## II.

That leaves us with the motion to remand.  The substance of a motion to remand will determine how we review it on appeal.  Id. at 1301.  We will treat a motion to remand as part of the petitioner's appeal and not as a motion to reopen or reconsider if it "simply articulates the remedy requested by an appeal."  Id.  "Conversely, if a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen."  Id.  Here we treat Centeno-Hernandez's motion to remand as a motion to reopen because he seeks additional proceedings to present new evidence regarding his eligibility for asylum and other relief.

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992) (internal quotation marks and citation omitted).  The movant "bears a heavy burden, and must present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result

6

in the case." Ali v. United States Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006) (alterations, internal quotation marks, and citations omitted).

We review "the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. United States Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). The BIA abuses its discretion when its decision is arbitrary or capricious. Id.

Centeno-Hernandez's motion was based on the recent re-election of Daniel Ortega, a Sandinista, as President of Nicaragua. Centeno-Hernandez argues that his "return to the country would be a red flag that would reignite the search" for him. Centeno-Hernandez has not, however, submitted any evidence to support that argument. Additionally, although Centeno-Hernandez argues that he spoke out directly against President Daniel Ortega, that is incorrect. His earlier statement of opposition was against then-General Humberto Ortega, not President Daniel Ortega. We therefore conclude that the BIA did not abuse its discretion in denying Centeno-Hernandez's motion.

**PETITION DENIED.**