[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2009
THOMAS K. KAHN
CLERK

No. 08-14162
Non-Argument Calendar

_____

Agency No. A78-380-359

HUA JIANG YAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 26, 2009)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Hua Jiang Yan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his second motion to reopen his asylum proceedings based on changed circumstances in China. After review, we deny his petition.

## I. BACKGROUND

### A. Prior Proceedings

In June 2002, Yan was charged as removable under 8 U.S.C. § 1227(a)(1)(C)(i) as a Chinese citizen who entered the United States as a nonimmigrant student, but was no longer attending a university. Yan filed an application for asylum and withholding of removal based on religion, political opinion, and membership in a particular social group and for relief under the United Nations Convention Against Torture. At the removal hearing, he testified that he was born in Heilongjiang Province and later moved to Beijing to attend Beijing University. In October 2002, the Immigration Judge ("IJ") denied Yan's application. In May 2004, the BIA affirmed. This Court dismissed his petition for review for lack of prosecution. Yan v. U.S. Att'y Gen., No. 04-13087 (11th Cir. Apr. 26, 2005).

In August 2004, Yan filed his first motion to reopen his asylum proceedings with the BIA. Yan asserted that he married another Chinese immigrant in October 2003 and that they had a daughter in December 2003. Yan stated that he and his wife planned to have two more children and, if they did, they would face fines and

2

forced sterilization if they were sent back to China. Yan argued that China does not make exceptions for children who are born in the United States. Yan relied on, inter alia, an affidavit from retired demographer John Aird, who asserted that Chinese government officials in the Fujian Province forced sterilization on couples that had multiple children. The BIA denied Yan's motion. This Court dismissed his petition for review for lack of prosecution. Yan v. U.S. Att'y Gen., No. 05-10695 (11th Cir. Apr. 26, 2005).

**B.      Second Motion to Reopen**

In March 2008, Yan filed his second motion to reopen his asylum proceedings with the BIA based on changed circumstances in China regarding its family planning policies.[1] Yan stated that he and his wife had a second child in February 2007 and, "[a]s such, he is subject to China's despotic one-child family planning policies, and faces fines, forced abortion or sterilization, imprisonment, and torture if repatriated."

In support of his motion, Yan attached several documents that stated that China continues to use coercive measures, such as abortion and sterilization, to control its population and that Chinese citizens who had children abroad were

---

[1]Yan also asked the BIA for permission to file a successive asylum application, which the BIA denied. Yan does not appeal this ruling. Thus, the issue is abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

subject to China's family planning policies upon return to China. These documents consisted of: (1) a 1997 letter from the Ministry of Public Security; (2) a 1999 Q & A from the Changle City Family-Planning Information Handbook; (3) a 2003 letter from the Policies and Legislation Division of the State Family-Planning Commission; (4) a 2003 decision from the Fujian Province Department of Family-Planning Administration; (5) a 2003 decision from the Changle City Family-Planning Administration in Fujian Province; (6) a transcript of December 2004 testimony in Congress by Assistant Secretary of State Arthur Dewey; (7) a 2005 decision by the Lianjiang County Guantou Township Committee; (8) a 2005 London news article; (9) a 2006 journal article on China's family planning policies; and (10) the 2006 U.S. Department of State Country Report for China.

The 2006 Country Report detailed China's restrictions on the number of children families may have and the period of time between births. However, the Country Report indicated that enforcement of the government's birth limitation "varied significantly from place to place" with stricter enforcement in cities than in rural areas. The Country Report also stated that Heilongjiang, the province where Yan was born, required "termination of pregnancy" if a pregnancy violated provincial family planning regulations.

The BIA denied Yan's second motion to reopen. As an initial matter, the BIA found that Yan's motion was untimely because it was filed nearly four years

4

after the BIA's May 2004 order in his removal proceedings and "number-barred" because it was his second motion to reopen based on China's family planning law. The BIA further found that the evidence of the birth of Yan's second child was new and previously unavailable, but the birth of children constituted changed personal circumstances, not changed circumstances in China. The BIA found that Yan had not demonstrated changed country circumstances from the remaining documentary evidence and remarked that the evidence submitted was cumulative of documentation considered in prior BIA decisions considering claims based on China's family planning policies. Thus, the BIA found that Yan had not demonstrated that reopening was appropriate based on changed country conditions.

## II. DISCUSSION

This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). A petitioner is generally limited to filing only one motion to reopen and must file it within 90 days. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, there is an exception to these limits where the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." Id. § 1229a(c)(7)(C)(ii); see 8 C.F.R. § 1003.2(c)(3)(ii).

5

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). A motion to reopen will not be granted "unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "Generally, motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks and brackets omitted).

In Li v. United States Attorney General, 488 F.3d 1371 (11th Cir. 2007), this Court concluded that the BIA abused its discretion in denying a motion to reopen removal proceedings based on changes in China's family planning policies. While living in the United States, the petitioner married an American citizen and had two children. Id. at 1372. In support of her motion, the petitioner submitted previously unavailable evidence that officials in her home of Lianjiang in Fujian Province had intensified their persecution of parents of two children, including (1) her own affidavit that reported second-hand accounts of forced sterilization and abortion in Lianjiang, (2) her mother's affidavit that reported that family planning enforcement had become more severe in Lianjiang and stated that three women from Lianjiang

6

were forcibly sterilized after the birth of their second children, and (3) other evidence, such as Country Reports, that "corroborated her anecdotal evidence of a change in policy in her province and substantiated her fear that local officials in Fujian have the incentives and discretion to sterilize women with more than one child." Id. at 1373, 1375. This Court concluded that "Li's evidence of a recent campaign of forced sterilization in her home village, evidence consistent with the conclusion of recent government reports, clearly satisfied the criteria for a motion to reopen her removal proceedings." Id. at 1375.

Here, the BIA did not abuse its discretion in denying Yan's second motion to reopen. Yan has presented evidence of changed personal circumstances in having two children but, unlike the petitioner in Li, has not submitted any evidence of "changed country conditions arising in the country of nationality" required for a motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Specifically, Yan has not presented any evidence of a change in China's family planning policies in his home areas of Heilongjiang or Beijing Provinces. Yan's brief on appeal states that "[r]ecently, Petitioner's family and friends have told him that several residents of his hometown have recently been forced to undergo abortions or sterilizations on account of having two or more children." Yet, Yan submitted no evidence supporting this claim to the BIA. Yan's documentary evidence consists of either general evidence regarding China's family planning

policies or administrative family planning decisions from provinces other than those in which Yan lived.[2] The 2006 Country Report states that Heilongjiang required "termination of pregnancy" if a pregnancy violated provincial family planning regulations, but did not state that this was a change from past policies.[3] Furthermore, the majority of Yan's documentary evidence was available when he filed either his original application for relief or his first motion to reopen. 8 C.F.R. § 1003.2(c)(1) (stating that a motion to reopen will not be granted "unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing").

Thus, we conclude that the BIA did not abuse its discretion in denying Yan's motion to reopen because Yan failed to present new, unavailable evidence of changed conditions in China so as to fall within the exception to the time and numerosity limitations on motions to reopen.

**PETITION DENIED.**

---

[2]Several pieces of evidence pertain to family planning policies in Fujian Province, which is Yan's wife's home province. The BIA noted that Yan's wife was granted withholding of removal, but that Yan had not claimed that his wife's case had any relevance to his motion to reopen. Yan has not raised any such arguments on appeal to this Court, either.

[3]To the extent Yan makes arguments referencing evidence that was not submitted to the BIA, such as the 2001 Country Report for China, we decline to consider these arguments. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1304 n.30 (11th Cir. 2001) (noting that "[w]e are prohibited" from "examin[ing] evidence in the first instance in the court of appeals").