[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2005
THOMAS K. KAHN
CLERK

No. 04-16447
Non-Argument Calendar

Agency No. A79-084-494

MOHAMED ALI ABDI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

**(November 15, 2005)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Mohamed Ali Abdi is a native and citizen of Somalia. He entered

the United States on December 1, 2000, using a false Kenyon passport. On

December 19, 2000, the Immigration and Naturalization Service ("INS") served Petitioner a Notice to Appear ("NTA") alleging that he was subject to removal under the Immigration and Nationality Act ("INA"). On February 7, 2001, during a preliminary hearing before an Immigration Judge ("IJ"), Petitioner, represented by an attorney, conceded his removability. The same day, he filed applications for asylum and withholding of removal pursuant to the INA and the United Nations Convention Against Torture. The IJ heard Petitioner's applications on January 14, 2002. The IJ denied them and ordered Petitioner removed to Somalia.

On February 13, 2002, Petitioner's attorney filed a notice of appeal with the Board of Immigration Appeals ("BIA") challenging the IJ's order. The notice stated that Petitioner would file a separate brief or statement (in addition to the notice). On June 21, 2002, the BIA issued a notice setting the briefing schedule, which stated that Petitioner's brief must be filed by July 22, 2002. On July 5, the INS filed its brief (it adopted the IJ's decision as its brief) and sent Petitioner's attorney a copy. Petitioner failed to file a brief, and the BIA, on January 3, 2003, dismissed Petitioner's appeal because Petitioner failed to file a brief or memorandum in support of his appeal.

On August 11, 2004, Petitioner, represented by a different attorney, filed a motion to reopen Petitioner's appeal on the ground that Petitioner's previous

2

attorney had rendered ineffective assistance of counsel by failing to file a brief as directed in the BIA's June 21, 2002 briefing schedule. On November 15, 2004, the BIA issued an order denying the motion to reopen. Petitioner now seeks review of that order.

We review the BIA's denial of a motion to reopen for an abuse of discretion. See Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992). An alien may file one motion to reopen, "which shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B). "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and

3

could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

A motion to reopen immigration proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). This limitation may be subject to the doctrine of equitable tolling, as the Supreme Court explained in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990). In Irwin, the Court opined that

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filing where the claimant failed to exercise due diligence in preserving his legal rights.

Id. (footnotes omitted).

We held that the 180-day time limitation for motions to reopen filed pursuant to former INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996), for in absentia deportation orders could not be equitably tolled on account of ineffective assistance of counsel. Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999). In Anin, we held that congressional filing deadlines should be read

4

literally by federal courts, the time limitation in INA § 242B(c)(3)(A) is "jurisdictional and mandatory," and "[f]iling deadlines inherently are arbitrary and harsh." Id. We stated that pursuant to "the statute's plain language, . . . general principles of statutory construction," and Supreme Court guidance, there were no exceptions to the filing period for motions to reopen. Id. at 1279. In reaching our holding in Anin, we stated, "[N]o exceptions have been carved into the . . . filing deadline by federal courts. More generally, no exception to an INA deadline has been found even where an alien acts blamelessly." Id. at 1278.

We find no basis in this case for concluding that the BIA abused its discretion in denying Petitioner's motion to reopen. The motion to reopen was clearly untimely under the BIA's rules because Petitioner filed it long after the 90-day deadline. 8 C.F.R. § 1003.2(c)(2). Under Anin's rationale, the statutory 90-day period for filing a notice of appeal is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling. We say this because our reasoning in Anin is not specific to in absentia orders.[1] In sum, given this precedent, we would be hard pressed to hold that the BIA, in the exercise of its discretion, had no

---

[1] The BIA did consider whether the doctrine of equitable tolling applied to the facts of this case; it concluded that it did not.

option but to grant Petitioner's motion to reopen.[2]

PETITION DENIED.

---

[2] Given our holding, we do not address Petitioner's point that his initial attorney rendered ineffective assistance in failing to file a brief or memorandum to support Petitioner's appeal of the IJ's removal order.