[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13215
Non-Argument Calendar

_____

BIA No. A97-190-908

LUIS MANUEL CARVALHO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 26, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On August 5, 2004, an Immigration Judge (IJ) denied Petitioner's

application for asylum, withholding of removal under the Immigration and Naturalization Act, and relief under the U.N. Convention Against Torture (CAT),[1] and ordered his removal. Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), and it affirmed that decision on December 28, 2005 without opinion. This affirmance constituted the final agency order.

On February 2, 2006, Petitioner filed a petition for review of the BIA's decision in this court. On March 22, 2006, we dismissed Petitioner's petition – which was filed thirty-six days after the BIA had issued its decision and thus was untimely – for lack of jurisdiction. Petitioner thereafter moved the BIA to reopen the proceedings on the ground that the untimely filing of his petition to this court was due to the ineffectiveness of his attorney. He contended that he met the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1998), because, among other things, he planned to file a grievance against counsel and had suffered prejudice because of the untimeliness of his petition for review. The BIA denied his motion on May 10, 2006, because he failed to meet two of the three requirements of Lozada: he had not filed a complaint against counsel with the appropriate authorities, and he had not given counsel an opportunity to respond to

---

[1] Petitioner, his wife and their two children, all natives and citizens of Angola, had previously received notices to appear and had conceded that they were removable before the IJ heard Petitioner's application on August 5, 2004. His wife and children were derivative beneficiaries of his application for asylum, withholding of removal and CAT relief.

his allegation that counsel had rendered ineffective assistance.  Petitioner now seeks review of the BIA's order in this court.[2]

We review "the BIA's denial of a motion to reopen for an abuse of discretion."  Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).  Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  Id. (quotation omitted).

Petitioner's brief to this court contains no argument concerning the BIA's denial of his motion to reopen.  Therefore, he has abandoned the issue.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (citing Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues are deemed abandoned when the brief only makes a passing references to an issue)).

Instead of addressing the BIA's denial of the motion to reopen, Petitioner's brief argues that the BIA should have granted Petitioner's application for asylum, withholding of removal, and CAT relief.  We decline to entertain the argument, having previously dismissed Petitioner's petition to review the BIA's disposition of that application.

**PETITION DENIED.**

---

[2]  He appears pro se.