[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2007
THOMAS K. KAHN
CLERK

No. 06-14749
Non-Argument Calendar

_____

Agency Nos. A97-199-661
A97-199-662

ADRIANA MERCEDES BENAVIDES RIVERA,
ANDRES MAURICIO MEJIA VELA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 28, 2007)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioners Adrianna Mercedes Benavides Rivera and Andres Mauricio Mejia-Vela, through counsel, petition this court for review of the BIA's final order denying the reopening of an appeal of the IJ's denial of their claims for asylum, withholding of removal, and CAT relief.[1]  The BIA denied the motion to reopen as untimely.

On appeal, Rivera, while acknowledging that the motion to reopen was not filed within ninety days of the BIA's denial of her motion for reconsideration, nevertheless argues that equitable tolling principles should be applied because her counsel was ineffective.  Specifically, Rivera argues that her previous counsel failed to file proper and timely motions, and he "misled" her until she later confronted him.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003).  "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (citation and internal quotation marks omitted).  One way to show an abuse of discretion is to highlight the application of an incorrect or improper legal standard.  *See In re Ford Motor*

---

[1] We refer to the petitioners as "Rivera," because she is the lead petitioner in this case, and Mejia-Vela was only included in the original asylum proceeding as a derivative applicant.

2

*Co.*, 471 F.3d 1233, 1250 (11th Cir. 2006).

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (citation and internal quotation marks omitted). An alien may file one motion to reopen, and that motion "'shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material.'" *Id.* (quoting INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B)). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (quoted in *Abdi*, 430 F.3d at 1149).

"A motion to reopen immigration proceedings 'must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.'" *Abdi*, 430 F.3d at 1149 (quoting 8 C.F.R. § 1003.2(c)(2)). "[T]he statutory 90-day period for filing a notice of appeal is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Id.* at 1150. This is true, even though counsel's deficient performance may have caused the appeal to be untimely filed. *Id.* at 1148-50.

In *Abdi*, an attorney appealed the BIA's order denying a petitioner's claims

3

for relief, but failed to file a timely supporting brief, and so the BIA dismissed the appeal. *Id.* at 1149. Over one year later, the petitioner, represented by different counsel, filed a motion to reopen on the ground that the first attorney was ineffective for failing to file the required supporting brief. *Id.* The BIA denied the motion to reopen, and we affirmed on appeal because the motion was not timely filed. *Id.* at 1149-50.

"Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

Given our controlling precedent in *Abdi*, we conclude that the BIA here did not abuse its discretion in denying the motion to reopen as untimely. Rivera did not file her motion to reopen until May 12, 2006, indisputably more than ninety days after the BIA denied her motion for reconsideration on December 6, 2005.

**PETITION DENIED.**

4