[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15056
Non-Argument Calendar
_____

BIA No. A96-281-748

RAFAEL SOARES DA SILVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(April 24, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Soares Da Silva, proceeding pro se, petitions for review of the order of the Board of Immigration Appeals (BIA) that denied his "Motion to Reopen and Reconsider" and the final order of the BIA that affirmed the denial of his application for asylum and withholding of removal. See 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). We dismiss in part and deny in part his petition.

On May 20, 2003, an immigration judge denied Da Silva's application for asylum as untimely and found Da Silva ineligible for withholding of removal. The BIA affirmed without opinion. Da Silva petitioned this Court for review and argued that his counsel was ineffective at his removal hearing, his untimely application should have been considered, and he was eligible for withholding of removal. We dismissed the appeal for lack of jurisdiction because Da Silva had not presented these arguments to the BIA and because we lack jurisdiction to review the refusal of the BIA to allow an untimely application for asylum. See Da Silva v. Gonzales, No. 05-15301 (11th Cir. May 9, 2006).

On November 9, 2005, while his first petition was pending in this Court, Da Silva filed a motion to reopen his removal proceedings that raised ineffective assistance of counsel and due process claims. The BIA denied the motion to reopen on March 21, 2006. Da Silva did not petition this Court for review.

On April 28, 2006, Da Silva filed pro se a second motion to reopen his removal proceedings and a first motion to reconsider the March 21, 2006, decision

not to reopen. The BIA denied this motion for failure to satisfy either the 90-day period for a motion to reopen his removal proceedings or the 30-day deadline for a motion to reconsider the March 21, 2006, order. The BIA alternatively concluded that the second motion to reopen was number-barred or, if construed as a motion to reconsider, that the motion did not raise factual or legal errors in the March 21, 2006, order. The BIA also declined to reopen Da Silva's removal proceedings sua sponte. Da Silva filed a petition for review in this Court in September 2006.

Da Silva argues that the BIA erred in finding that he did not suffer past persecution on account of a protected ground. Construed liberally, this appears to be an argument that the BIA erred in affirming the immigration judge in its final order of removal. The Attorney General argues that we do not have jurisdiction to review the final order of the BIA, and we agree. A petition for review must be filed within 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). The order that denied Da Silva's application for asylum and withholding of removal issued on August 24, 2005. Da Silva filed the instant petition for review in September 2006.

Liberally construing Da Silva's motion as a motion to reconsider the March 21, 2006, order, we conclude that the BIA did not abuse its discretion by denying it. See Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion to reconsider must be filed within 30 days of the order, see 8 U.S.C.

3

§ 1229a(c)(5); 8 C.F.R. § 1003.2(b)(2), and "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority," 8 U.S.C. § 1229a(c)(6)(C). Da Silva did not file a timely motion nor did he identify errors of law in the denial of his previous motion to reopen.

Da Silva argues that the BIA should have waived the number and time limitations on his second motion to reopen. Ordinarily, only one motion to reopen is allowed, and it must be filed within 90 days of the date of the final administrative removal order. See 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2). Da Silva admits that his motion was untimely and that it was his second motion to reopen. The BIA may allow an alien to file a supernumerical or untimely motion to reopen in certain circumstances, see 8 U.S.C. § 1229a(c)(7)(C), but Da Silva did not assert before the BIA, and does not now assert, an enumerated exception to the time and number limitations.

Instead, Da Silva argues that the deadline and numerical restrictions should be equitably tolled because his attorney failed to inform him that the order of removal was final, but we disagree. "Motions for reopening immigration proceedings are disfavored . . . especially [] in a deportation proceeding, where . . . every delay worked to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 123 S. Ct. 719, 724-25 (1992). "[T]he statutory 90-day period for filing a [motion to reopen] is

4

mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). The BIA did not abuse its discretion in denying Da Silva's untimely and supernumerical motion to reopen. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).

Finally, the decision of the BIA not to allow sua sponte an untimely motion to reopen is not reviewable by this Court. Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999).

**PETITION DISMISSED IN PART and DENIED IN PART.**