[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2007
THOMAS K. KAHN
CLERK

No. 06-16452
Non-Argument Calendar

_____

BIA Nos.
A96-095-779 & A96-095-780

HENRY BERMEO-CASTRO,
LINA CATHERINE HERNANDEZ-VIRACACHA,
CRISTIAN DAVID BERMEO-HERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 14, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Henry Bermeo-Castro, Lina Hernandez-Viracacha, and Cristian Bermeo-Hernandez (collectively "petitioners"), natives and citizens of Colombia, petition, through counsel, for review of the order of the Board of Immigration Appeals ("BIA") denying their motion to reopen. The petitioners argue that the BIA abused its discretion in denying their motion because they submitted previously unavailable evidence showing a material change in country conditions. After review, we deny the petition for review.[1]

An applicant may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The 90-day time limit does not apply if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. Id.

---

[1]"We review the BIA's denial of a motion to reopen for an abuse of discretion." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quotation marks omitted).

Moreover, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). We have held that:

> [a]t a minimum, there are at least three independent grounds upon which [the BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, the BIA denied petitioners' motion to reopen because it was untimely and because petitioners failed to show changed conditions in Colombia or offer new, material evidence that was not available at the time of their removal hearing. The BIA affirmed petitioners' removal order on May 10, 2006. Petitioners' motion to reopen was filed on August 29, 2006, 111 days after the BIA's May 10 order. The petitioners do not contest the BIA's finding that their motion to reopen was untimely, but rather argue only that they showed changed country conditions.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because they failed to introduce evidence that was material and previously unavailable. Petitioners submitted several affidavits from family members in Columbia that stated that petitioners were persecuted and would continue to be persecuted if they returned, but did not attempt to establish a material change in

3

country conditions. Petitioners failed to show that these affidavits previously were unavailable or material. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Likewise, nothing in the petitioners' submitted newspaper articles suggests a material change in country conditions. These articles describe incidents of violence by the Revolutionary Armed Forces of Colombia ("FARC") during the months in 2006 leading up to and just after national elections, including the re-election of President Uribe, who has cracked down on the FARC. However, several of the articles also suggest that these incidents are merely the latest in the ongoing four-decade-long war the FARC has waged against the Colombian government and rival right-wing paramilitary militias.

Accordingly, the petitioners failed to show a material change in country conditions or that the information they presented was unavailable at the time of their hearing. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); Al Najjar, 257 F.3d at 1302. Therefore, the BIA did not abuse its discretion in denying the petitioners' motion to reopen.

**PETITION DENIED.**