[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15744
Non-Argument Calendar

_____

BIA No. A96-085-310

ALEJANDRO ROBLES QUECANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 29, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Alejandro Robles Quecano, a native and citizen of Colombia, petitions this Court to review the Board of Immigration Appeals' (BIA's) denial of his motion to reopen his case. Robles contends his marriage to a United States citizen is new, material, and previously unavailable evidence that could not have been presented at the previous hearing and the BIA should reopen his proceedings so that he can apply for a form of relief previously unavailable to him. We deny his petition.

An alien may file one motion to reopen, which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A),(B). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R § 1003.2(c)(2). We have held that the deadline is "mandatory and jurisdictional." *Abdi v. U.S. Attorney Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005). The 90-day filing deadline is tolled for an alien that files a motion to reopen predicated upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA's denial of Robles' motion to reopen was not an abuse of discretion. *Abdi*, 430 F.3d at 1149 (stating the BIA's denial of a motion to reopen

2

proceedings is reviewed for an abuse of discretion). The BIA issued a final judgment on Robles' asylum appeal on November 30, 2005. The 90-day limitation period ended on February 28, 2006. Robles filed his motion to reopen on September 1, 2006, which was well beyond the limitation period. Since Robles' motion to reopen was not based upon changed circumstances in Colombia that could not have been presented at his previous hearing, the 90-day deadline was mandatory and jurisdictional.

**PETITION DENIED.**