[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15326

_____

BIA No. A73-744-888

WOSEN D. GIZAW,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 26, 2008)**

Before EDMONDSON, Chief Judge, WILSON, Circuit Judge, and MARTINEZ,[*]
District Judge.

PER CURIAM:

_____

  [*] Honorable Jose E. Martinez, United States District Judge for the Southern District of
Florida, sitting by designation.

Wosen D. Gizaw, a native and citizen of Ethiopia, petitions for review the Board of Immigration Appeals's ("BIA") order denying his motion to reopen. He seeks to reopen the BIA's prior order dismissing his appeal from an Immigration Judge's ("IJ") denial of his claims for asylum and withholding of removal. In his motion to reopen, Gizaw argued that new, dangerous conditions have arisen for members of his tribe in Ethiopia. He argued that his tribe suffers from a "pattern of abuse" by the current Ethiopian government and that if he were to return to Ethiopia, his life would be in grave danger. After noting that Gizaw failed to include an application of asylum with his application, as required by 8 C.F.R. § 1003.2(c)(1), the BIA went on to address the merits of his motion. Because the BIA failed to consider Gizaw's "pattern or practice" claim, we vacate its denial of Gizaw's motion to reopen and remand this case to the BIA for further determination.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Attorney Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam). More specifically, we look to whether there has been an exercise of administrative discretion and whether that exercise was arbitrary or capricious. *Id.*

While the BIA could have properly dismissed Gizaw's motion to reopen for failing to meet the formal requirements of 8 C.F.R. § 1003.2(c)(1), it did not clearly exercise its discretion to do so. Instead, the BIA exercised its discretion to

2

examine the merits of Gizaw's claim. In doing so, however, the BIA failed to address Gizaw's "pattern or practice" claim[1] and focused on his failure to show he would be "singled out" individually for persecution. By denying Gizaw's motion without addressing one of his avenues for establishing asylum and withholding of removal, the BIA's order was arbitrary and capricious and, therefore, an abuse of discretion. Accordingly, we **VACATE** the BIA's order dismissing Gizaw's motion on the merits and **REMAND** this case to the BIA for further determination.

---

[1] *See* 8 C.F.R. §§ 208.13(b)(2)(iii)(A)–(B), 208.16(b)(2)(i)–(ii).

3

EDMONDSON, Chief Judge, DISSENTS.