[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15738
Non-Argument Calendar

_____

Agency Nos. A79-471-365
A79-471-366

JUAN FERNANDO RODAS,
LUZ MARIETTA PINEDA,
MATEO RODAS,
JUANA RODAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 21, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioners Juan Fernando Rodas and Luz Marietta Pineda, and their children, Mateo Rodas and Juana Rodas (collectively "Petitioners"), through counsel, seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen their removal proceedings for being time-barred pursuant to 8 C.F.R. § 1003.2(c)(2). In their brief, Petitioners assert that the deadline for filing their motion to reopen should have been equitably tolled because their appeal of the Immigration Judge's decision was dismissed due to ineffective assistance of counsel, and they filed their motion to reopen within 90 days of discovering such ineffective assistance. Petitioners also contend that the BIA's denial of their motion to reopen violated their right to due process.

We review the BIA's denial of a motion to reopen proceedings for abuse of discretion.[1] Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). This review is limited to determining whether the BIA has exercised discretion and whether "the matter of exercise has been arbitrary or capricious." Id. (quotation omitted).

An alien may file a motion to reopen if the motion states new facts that would be proven at a hearing and if those facts are supported by affidavits or other evidence. 8 U.S.C. § 1229a(c)(7)(A), (B); 8 C.F.R. § 1003.2(c)(1). A motion to

---

[1] The decision to grant or deny a motion to reopen is within the discretion of the BIA. 8 C.F.R. § 1003.2(a).

2

reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R § 1003.2(c)(2).[2] In Abdi, we considered whether the alien's motion to reopen based on ineffective assistance of counsel, filed after the 90-day deadline in 8 C.F.R. § 1003.2(c)(2), could be equitably tolled. 430 F.3d at 1148-49. We concluded that the 90-day filing deadline is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." Id. at 1150.

Having reviewed the record in this case, we conclude that the BIA did not abuse its discretion by denying Petitioners' motion to reopen as time-barred; nor did the BIA deny Petitioners due process of law.

PETITION DENIED.

---

[2] The regulations provide for four statutory exceptions to the 90-day filing deadline, but these exceptions are not at issue or relevant here. See 8 C.F.R § 1003.2(c)(3).

3