[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2009
THOMAS K. KAHN
CLERK

Nos. 07-15384 & 08-13562
Non-Argument Calendar

_____

Agency No. A79-665-883

XUE FANG OU YANG,
a.k.a. Ou Yang Xue Fang,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(March 13, 2009)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Xue Fang Ou Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals's ("BIA's") denial of her motions to reopen her asylum proceedings; first, in light of alleged worsening country conditions in China, and second, based on the alleged ineffective assistance of her former counsel. In her petition, Ou Yang argues, through counsel, that the BIA erroneously denied her first motion to reopen because the birth of her two children constituted changed circumstances and, based on China's one-child birth control policy, she is at risk of persecution upon return to China. She contends that the BIA failed to consider, as evidence of changed country conditions the 2005 Family Planning Announcement, which penalizes women who give birth to more than one child, outside of China with fines or forced sterilization.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. United States Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (quotation omitted). After the BIA has affirmed an IJ's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1). A motion to reopen proceedings shall not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not

available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1).

An applicant may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." *Id.* A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). The "time and numerical limitations" do not apply, however, if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. 8 C.F.R. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. *Id.* An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that satisfies the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. *Ali v. United States Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006). Nonetheless, "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

We conclude from the record that the evidence presented by Ou Yang was not material evidence showing changed conditions in China because it either was available and could have been discovered prior to her asylum hearing, or it was

3

consistent with evidence dated prior to her asylum hearing. Furthermore, because children born in the United States do not constitute changed conditions in China, the BIA did not abuse its discretion by denying Ou Yang's first motion to reopen.

Ou Yang next argues that "equitable tolling of the time and number requirements for filing motion to reopen" was appropriate because, as an unmarried woman with two out-of-wedlock children in violation of China's one child policy, she would be subject to forced sterilization upon return to China.

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (quoting *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992)). A motion to reopen must be filed no later than 90 days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). In *Anin*, "[w]e held that the 180-day time limitation for motions to reopen filed pursuant to former INA § 242B(c)(3)(A), 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996), for *in absentia* deportation orders could not be equitably tolled on account of ineffective assistance of counsel." *Abdi*, 430 F.3d at 1149–50 (citing *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir.1999)). In *Abdi*, we applied *Anin* to a motion to reopen based on ineffective assistance of counsel, which was filed after the expiration of the 90-day deadline for filing such a motion, to hold that the BIA did not abuse its discretion by denying petitioner's

motion because "the statutory 90-day period for filing a notice of appeal is mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." *Id.* at 1150. As a result, we declined to address the petitioner's ineffective assistance of counsel claim. *Id.* at 1150 n.2.

Because the record here demonstrates that Ou Yang's motion to reopen based on ineffective assistance of counsel was filed almost three and a half years after the statutory 90-day filing deadline expired, and equitable tolling does not apply to late filed ineffective assistance of counsel claims, we conclude that the BIA did not abuse its discretion by denying Ou Yang's second motion to reopen.

Lastly, Ou Yang asserts that the BIA erred by failing to consider her claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), as there is no time limit or numerical bar to CAT claims, and she will be subject to forced sterilization upon return to China. This argument is without merit because the BIA addressed, and denied, her claim for CAT relief at the original asylum hearing.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**