[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10062
Non-Argument Calendar

_____

Agency No. A078-502-799

YONG WEN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 7, 2009)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Yong Wen Liu, through counsel, petitions this Court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen its previous decision affirming the Immigration Judge's (IJ) order denying asylum, withholding of removal under the Immigration and Nationality Act, and protection under the United Nations Convention on Torture, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. 208.16(c). Liu contends that the BIA ignored evidence that as a member of a Chinese opposition political party he faces a more serious risk of arrest and sentencing than he did when he was first ordered removed.

We review the BIA's denial of motions to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). This review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Attorney Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). (quotation omitted). "Generally, motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Ali, 443 F.3d at 808 (quotation marks and citation omitted).

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary

2

material." 8 U.S.C. §§ 1229a(c)(7)(A), (B).  A motion to reopen must be filed no later than 90 days after the final administrative decision.  See 8 C.F.R. § 1003.2(c)(2).  There is an exception to the 90-day and one-motion limits, which provides that the limits shall not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  To meet this exception, a movant must show "that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  Abdi, 430 F.3d at 1149 (quoting 8 C.F.R. § 1003.2(c)(1)).

The BIA did not abuse its discretion when it denied Liu's motion to reopen. Liu has not presented sufficient evidence that country conditions in China have changed since he was ordered removed in 2002.  Rather, Liu's contention was based on his new activities of belonging to the opposition party and publishing anti-government articles.  However, this does not fall under the limited exception found in 8 U.S.C. § 1229a(c)(7)(C)(ii).  Additionally, the U.S. State Department Country Reports on Human Rights Practices in China suggest that the Chinese government's persecution of members of Liu's political party during the time period between Liu's removal order and his motion to reopen was persistent.

3

Because Liu did not demonstrate changed country conditions, the BIA did not abuse its discretion when it denied his motion to reopen.

**PETITION DENIED.**[1]

---

[1] Liu's request for oral argument is denied.