[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2010
JOHN LEY
CLERK

No. 09-15420
Non-Argument Calendar

_____

Agency Nos. A098-736-397, A098-736-398

CLAUDIO MORA-SOLANO,
YANETH ARIZA-SILVA,
JEAN CLAUDE MORA-ARIZA,

Petitioners-Appellants,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 29, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Claudio Mora-Solano, his wife, Yaneth Ariza-Silva, and their son, Jean Claude Mora-Ariza[1], through counsel, petition for review of the Board of Immigration Appeals' (BIA) denial of their motion to reopen their asylum proceeding in light of alleged changed country conditions in Venezuela. On appeal, Mora-Solano argues the evidence that he submitted, when viewed as a whole, shows he faces a materially greater risk of harm if he returns to Venezuela than when he fled Venezuela. After review, we deny Mora-Solano's petition.[2]

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed no later than 90 days after the final administrative decision; however, an exception applies if the motion to reopen "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if

---

[1] Although Mora-Solano, Ariza-Silva, and Mora-Ariza are named as petitioners, we refer to the petitioners as "Mora-Solano," as all of the incidents underlying the petitioners' motion and claims for relief relate solely to the lead petitioner, Mora-Solano.

[2] "We review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *Id.*

2

such evidence is material and was not available . . . at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

An alien who attempts to show the evidence is material bears a heavy burden and must present evidence satisfying the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation omitted).

Here, Mora-Solano filed his motion to reopen almost four months after the BIA dismissed his appeal. He has failed to provide any new material facts to warrant reopening his case, as the new evidence submitted is consistent with the evidence presented in support of his original asylum application. Moreover, one of the documents submitted is undated and unsigned. Because the evidence submitted by Mora-Solano in support of his motion to reopen does not establish a material change in country conditions, the BIA did not abuse its discretion by denying Mora-Solano's motion to reopen.

**PETITION DENIED.**