[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11175
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

Agency No. A097-965-449

BING QUAN WU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 5, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Bing Quan Wu petitions for review of the Bureau of Immigration Appeals's ("BIA") denial of his motion to reopen his removal proceedings. Wu filed a timely motion to reopen after the BIA affirmed an Immigration Judge's ("IJ") denial of Wu's first application for asylum and withholding of removal, which was based on his fear of being persecuted on account of his political opinion. Wu wished to reopen his removal proceedings so that he could file a new application for asylum and withholding of removal, based on his fear of persecution on account of his Christian religion. On appeal, Wu argues that the BIA erred in denying his motion to reopen because he made a prima facie showing that he was eligible for asylum and withholding of removal. After careful review, we deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Id. (quotation omitted).

A motion to reopen may only be granted if the alien presents to the BIA new evidence that is material and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that

2

demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256-57 (11th Cir. 2009).

> At a minimum, there are at least three independent grounds upon which the [BIA] may deny a motion to reopen: 1) failure to establish a prima facie case [that the petitioner is entitled to relief]; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Al Najjar v. Ashcroft, 257 F.3d at 1262, 1302 (11th Cir. 2001).

To make a prima facie case for asylum, a movant must set forth "detailed, specific facts" to establish "that []he has a well-founded fear that []he will be persecuted if removed to h[is] home country." Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1345 (11th Cir. 2008); Jiang, 568 F.3d at 1256-57. The movant also must show "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). If an alien fails to show that he is entitled to asylum, he necessarily fails to meet the more demanding burden of proving his eligibility for withholding of removal. Xia v. U.S. Att'y Gen., 608 F.3d 1233, 1237 n.4 (11th Cir. 2010).

3

In light of the evidence that Wu submitted in support of his motion to reopen, the BIA did not abuse its discretion in finding that Wu failed to establish a prima facie case for asylum or withholding of removal.[1]  First, although Wu stated in his affidavit that he intended to practice Christianity in China, he did not state that he intended to do so in any particular church, much less an unauthorized house church. The 2007 Religious Freedom Report indicates that Christianity is one of five authorized religions in China and that the government's interference with Christian worship targets members of unregistered house churches.  Notably, Wu's petition to reopen his removal proceedings is almost entirely devoid of "detailed, specific facts" establishing an objective fear of persecution on account of his religious practice. Mohammed, 547 F.3d at 1345.  Wu did not explain whether his religious beliefs would prevent him from attending a Christian church, or under what circumstances. We think he has presented precious little to establish "a well-founded fear that []he will be persecuted if removed to h[is] home country," Jiang, 568 F.3d at 1256-57, let alone that his new motion is even remotely specific enough to rest his considerable burden in moving to reconsider the BIA's original determination.  Id.

---

[1] To the extent that Wu challenges the BIA's failure to consider the U.S. State Department's 2010 Religious Freedom Report, his argument is meritless, because Wu did not submit this report to the BIA and it is not included in the record.

Second, the 2007 Religious Freedom Report and the news articles submitted by Wu indicate that the government's treatment of Christian house church members varies widely from region to region. Although the 2007 Religious Freedom Report mentions that government officials closed some house churches in Fujian Province in 2007, most of the reports in the record identify other regions of China as being more dangerous for house church worshipers, and many of the articles that Wu submitted detailed events that occurred three to five years before the filing of his motion to reopen. Thus, it is not clear that the government's interference with Christian house churches in Fujian Province currently is so widespread as to create a well-founded fear of future persecution. Additionally, although the letter of Wu's neighbor details the arrest of members of one particular house church in Fujian Province, it is not clear that Wu intends to attend this particular church upon returning to China. The single incident described by Wu also does not establish widespread persecution of Christian house church members in Fujian Province. As a result, Wu failed to establish that his fear of future persecution was well-founded, and the BIA, therefore, properly found that he failed to make prima facie showing of eligibility for asylum or withholding of removal. See Jiang, 568 F.3d at 1256-57; Xia, 608 F.3d at 1237 n.4.

**PETITION DENIED.**