[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13123
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 11, 2012
JOHN LEY
CLERK

Agency No. A078-649-699

XIU QING CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 11, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Xiu Qing Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeal's ("BIA") denial of her motion to reopen her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). After review, we dismiss in part and deny in part the petition.[1]

In September 2009, the Immigration Judge ("IJ") denied Chen's original application for asylum, which sought relief based on China's one-child policy and her fear of forced sterilization. In August 2010, the BIA dismissed Chen's appeal.

In November 2010, Chen filed a timely motion to reopen. Chen's motion to reopen alleged, inter alia, that she now feared persecution in China because, in February 2010, after the IJ's hearing, she began practicing Falun Gong for her health.[2] In support, Chen submitted affidavits stating that Chen's sister in China had practiced Falun Gong for a few years and that in June 2010 some of her sister's fellow Falun Gong practitioners were arrested, detained for one week and fined 10,000 yuan. Chen also submitted a March 5, 2004 Falun Dafa Information

---

[1] We review the BIA's denial of a motion to reopen for abuse of discretion. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008). Our review is limited to whether the BIA exercised its discretion in an arbitrary and capricious manner. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

[2] Chen's motion to reopen also reasserted her fear of forced sterilization. On appeal, Chen's brief mentions her sterilization claim only in passing and does not provide any analysis or argument. Thus, Chen has abandoned this claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Center report, which indicated that several hundred Falun Gong adherents reportedly had died in detention due to torture, abuse and neglect since China's crackdown on Falun Gong began in 1999.

The State Department's 2008 Human Rights Report for China stated that the Chinese government continued to crack down on Falun Gong practitioners. Since 1999, approximately 6,000 practitioners were imprisoned, more than 100,000 were sentenced to re-education through labor, and 3,000 had died from torture while in custody. The report noted that while "core leaders" had been singled out for particularly harsh treatment, most practitioners were punished administratively, which included being sent to re-education camps or being forced to attend anti-Falun Gong classes.

The BIA denied Chen's motion to reopen. The BIA concluded that Chen failed to establish that her "own Falun Gong practice puts her in reasonable danger of being persecuted in China."

A motion to reopen may be granted if the alien presents new evidence that is material and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). An alien moving to reopen bears a "heavy burden" to show that her new evidence would likely change the outcome of the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Thus, the BIA may deny a

motion to reopen if the new evidence does not establish prima facie asylum eligibility. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, the BIA did not abuse its discretion when it concluded that Chen's new Falun Gong evidence did not establish prima facie eligibility for asylum. Chen presented no evidence that the Chinese government is aware that Chen practices Falun Gong. Thus, it is unclear from the record whether Chen herself would even be singled out for mistreatment if she returned to China.

Moreover, even if Chinese authorities learned of Chen's involvement in Falun Gong, it is not clear whether any response would rise to the level of persecution. This Court has concluded that "[i]nvolvement with Falun Gong in China by itself does not entitle a person to asylum in the United States." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006). The background information in the record indicates that the Chinese government takes a variety of measures against known Falun Gong practitioners, ranging from being forced to attend anti-Falun Gong classes to being imprisoned and abused. However, the harshest treatment is generally reserved for "core leaders," and Chen does not claim to be a core leader, only a practitioner. Chen's particularized evidence indicated that, while Chen's sister knew some Falun Gong practitioners who were detained for a week and fined, she herself has practiced Falun Gong in China for

several years without being harmed.  Thus, it is not apparent that any mistreatment Chen might experience would constitute persecution.

Finally, the record belies Chen's claim that the BIA failed to meaningfully consider her new Falun Gong evidence.  The BIA's decision discusses the Falun Dafa report and the affidavits submitted by Chen.

Because Chen's new evidence did not establish she was prima facie eligible for asylum, withholding of removal or CAT relief, the BIA did not abuse its discretion by denying her motion to reopen.[3]

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[3]To the extent Chen argues for review of a motion to reconsider, we lack jurisdiction to review her claim because she never filed a motion to reconsider with the BIA.  See 8 C.F.R. § 1003.2(b); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).