[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13013
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

Agency No. A077-269-452

FRANKLIN MBITANG ENOH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 20, 2012)

Before WILSON, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Franklin Mbitang Enoh, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals ("BIA") order denying his second motion to reopen his case for asylum and withholding of removal under the Immigration and Nationality Act ("INA"). First, he argues that the BIA abused its discretion in denying his second motion to reopen because his counsel's ineffective assistance created exceptional circumstances and caused him to receive insufficient notice of his hearing. Second, Enoh argues that he presented evidence of extrajudicial killings in Cameroon and that the BIA therefore abused its discretion in alternatively finding that he did not demonstrate changed country conditions that could excuse his time- and numerically-barred second motion to reopen. Upon review, we dismiss the petition in part and deny the petition.

Enoh originally applied for asylum and withholding of removal in 1999. He failed to appear for his removal hearing that was held on May 23, 2001. As a consequence, the Immigration Judge ("IJ") deemed his application for relief abandoned and ordered him removed *in absentia*. In June 2009, over eight years later, Enoh moved to reopen his case, alleging ineffective assistance of counsel and changed country conditions in Cameroon. Both the IJ and the BIA denied the motion. Enoh filed a second motion to reopen his removal proceedings that is

2

based on the same grounds as his first motion. The BIA found the motion had no merit, and it denied his second motion.

"We review the denial of a motion to reopen for an abuse of discretion." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam). The BIA's factual findings are "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." *Lonyem*, 352 F.3d at 1340.

If an alien fails to appear for a removal hearing, his application will be denied. 8 U.S.C. § 1229a(b)(5)(A). Ordinarily, an alien may file only one motion to reopen his removal proceedings, 8 U.S.C. § 1229a(c)(7)(A), which must be filed within ninety days of the entry of a final administrative order of removal, 8 U.S.C. § 1229a(c)(7)(C). Time and numerical limitations on motions to reopen, however, do not apply when "(1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the

removal proceedings." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (citing 8 C.F.R. § 1003.23(b)(4)(i)).

Enoh already filed a motion to reopen based on his counsel's alleged ineffective assistance, and he cannot file a second. *See* 8 C.F.R. § 1003.23(b)(4)(ii). Therefore, Enoch's petition is dismissed insofar as it seeks to reopen removal proceedings on this ground. Additionally, time and numerical limitations are not suspended for his application for asylum and withholding of removal because Enoh has failed to show that conditions in Cameroon have changed. The evidence Enoh submitted regarding extrajudicial killings parallels the evidence that he submitted to support his original asylum application in 1999. Therefore, we deny his petition insofar as it seeks to reopen proceedings based on these grounds.

**PETITION DISMISSED IN PART AND DENIED IN PART**.