[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10120
Non-Argument Calendar
_____

Agency No. A079 478 211

CRISTIAN HOYOS SALAZAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 30, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Cristian Hoyos Salazar ("Hoyos"), a citizen of Colombia, petitions for

review of the BIA's denial of his motion to reopen based on changed country conditions. On appeal, Hoyos states that the underlying basis for his motion to reopen is the subsequent grant of his parents' asylum applications. Hoyos argues that the BIA abused its discretion in denying his motion to reopen because the BIA failed to consider all of the evidence submitted with the motion; the evidence submitted with Hoyos's motion purports to show that since his application for asylum and withholding of removal was denied in 2004, the persecution in Colombia has continued to escalate.

We review the denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen*., 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id*.

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B); 8 U.S.C. § 1229a(c)(7)(A), (B). Under 8 U.S.C. § 1229a(c)(7)(C)(i), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. INA § 240(c)(7)(C)(i); 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day

2

period for filing a motion to reopen is jurisdictional and mandatory. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005). An exception to the time and number limit applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2 (c)(3)(ii); *see* INA § 240(c)(7)(C)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii).

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a *prima facie* case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

Even in the context of a ruling on the merits, the BIA or the IJ is not required to discuss in its opinion every piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of

3

evidence the petitioner presented. *See id.* Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *See id*.

The BIA did not abuse its discretion in denying Hoyos's motion to reopen, because that motion was untimely and Hoyos failed to establish changed country conditions in Colombia. The fact that Hoyos's family was granted asylum in 2009 based on the same set of facts does not establish that conditions in Colombia have materially changed since the BIA affirmed Hoyos's order of removal in 2004. In support of his motion to reopen, Hoyos submitted four affidavits from three people in Colombia who rented Hoyos's family's home and his father's affidavit stating that he was unable to rent their home in Colombia because people associated with FARC continued to search for and threaten Hoyos and his family. These affidavits do not establish changed country conditions in Colombia, but instead show that he faced the same fear of persecution that he did at the time of his removal hearing. Likewise, the expert witness affidavit and the 2010 State Department Country Report are not material because they do not establish changed country conditions in Colombia. The affidavit and the Country Report show that FARC *continues* to commit human rights abuse and violence in Colombia. Having not demonstrated materially changed country conditions, Hoyos's motion to reopen was both time-

4

and number-barred. *See* INA § 240(c)(7)(A), (C); 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. §1003.2(c)(3)(ii).

Although Hoyos argues that the BIA abused its discretion in denying his motion to reopen because the BIA failed to consider all of the evidence submitted, the record shows that the BIA noted that Hoyos submitted "limited evidence" with his motion but concluded that the evidence did not demonstrate changed country conditions. Because the BIA adequately explained the decision, it was not required to provide a detailed explanation about how the affidavits and Country Report did not support Hoyos's claim of changed country conditions. *See Tan*, 446 F.3d at 1374.

**PETITION DENIED.**