[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11469
Non-Argument Calendar

_____

Agency No. A070-885-741

JIA ZHEN CHEN,
a.k.a. Chen JiaZhen,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 16, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jia Zhen Chen is a native and citizen of China. In July 2002, the Board of

Immigration Appeals ("BIA") affirmed the decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the U.N. Convention Against Torture ("CAT") and ordering his deportation. In August 2008, Chen moved the BIA to reopen and a motion to stay deportation proceedings pending the adjudication of his motion to reopen. The BIA denied his motion to reopen. Chen now petitions this court for review of the BIA's decision.

We review the denial of a motion to reopen for an abuse of discretion. Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

Generally, an alien may file only one motion to reopen and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2); INA § 240(c)(7)(A) and (C)(i), 8 U.S.C. § 1229a(c)(7)(A) and

2

(C)(i). This 90-day requirement is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). However, the 90-day deadline does not apply if the motion is based on evidence of changed country conditions in the home country that could not have been produced at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii); INA § 240(c)(7)(C)(ii), 8 U.S.C. §1229a(c)(7)(C)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. Id. An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that satisfies the BIA that, if the proceedings were reopened, the new evidence likely would change the result in the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). "[C]hanged personal circumstances do not meet the standard for a petition to reopen." Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1258 (11th Cir. 2009). It is within the BIA's discretion

> to deny a motion to reopen for at least three reasons: 1) failure to establish a prima facie case of eligibility for asylum or withholding of removal; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Li v.U.S. Att'y Gen., 488 F.3d 1371, 1374-75 (11th Cir. 2007) (quotation and alteration omitted).

3

Chen based his asylum application, which he filed in 1993,[1] on his violation of China's one-child policy. He based his motion to reopen on an entirely different ground – his Christian religion and allegations of China's worsening treatment of Christians. He concedes that his motion to reopen was untimely, but argues that it should have been granted because he presented evidence of a material change in country conditions regarding China's treatment of Christians since he filed his asylum application. The BIA was not convinced and therefore denied his motion to reopen. We find no abuse of discretion in the BIA's ruling and therefore deny Chen's petition.

PETITION DENIED.

---

[1] Chen unlawfully entered the United States in 1990 somewhere along the Mexican border.