[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12206
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2010
JOHN LEY
ACTING CLERK

Agency No. A097-643-142

LUCAS EDUARDO VELEZ,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 8, 2010)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lucas Eduardo Velez, a citizen of Colombia, petitions for review of the

Board of Immigration Appeals's ("BIA") denial of his motion to reopen removal proceedings. Velez argues that the BIA abused its discretion by denying the motion because he submitted previously unavailable evidence showing a material change in country conditions. After review, we deny the petition.[1]

A motion to reopen may be granted if the alien presents to the BIA new evidence that is material and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). An alien moving to reopen bears "a heavy burden." Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). To show that evidence of changed country conditions is material, an alien must present evidence demonstrates that, if proceedings were reopened, the new evidence would likely change the result in the case. Id. Here, we find no abuse of discretion.

Velez's original asylum application was based on his membership in a particular social group, that is, homosexuals. Velez claimed that he feared future persecution in Colombia because he is gay. At his original hearing before the Immigration Judge ("IJ"), Velez called an expert witness who testified about the practice of police, paramilitary groups and guerillas attacking "undesirables,"

---

[1]We review the BIA's denial of a motion to reopen for abuse of discretion. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir.), cert. denied, 129 S. Ct. 146 (2008). Our review is limited to whether the BIA exercised its discretion in an arbitrary and capricious manner. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

including sexual minorities, called "social cleansing." Velez also submitted Country Reports for 1995, 1998 and 2000 to 2006 and numerous articles documenting violence against homosexuals in Colombia and social cleansing. The IJ determined that this evidence showed isolated incidents of private violence against members of the gay community, but did not establish that Velez himself would more likely than not be persecuted upon his return to Colombia.

The new evidence Velez submitted with his motion to reopen was the 2007 Country Report and two articles. This evidence showed that homosexuals in Colombia, especially transvestite prostitutes and non-governmental organization ("NGO") activists, are sometimes victims of violence and social cleansing. This evidence is consistent with the voluminous evidence that was already before and considered by the IJ. Contrary to Velez's assertions, the newly submitted evidence does not show that violence against homosexuals has increased since the IJ's decision. Notably, Velez is neither a transvestite prostitute nor an NGO activist, so much of this evidence is of marginal relevance to his persecution claim. Because Velez failed to provide material evidence of changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen. Accordingly, we deny the petition for review.

**PETITION DENIED.**

3