[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14872
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2010
JOHN LEY
CLERK

Agency Nos. A096-096-763, A096-096-764

MARIELA SOLAQUE-PRIETO,
RAUL ROJAS-CHARRY,
NATALY ROJAS-SOLAQUE,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 31, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Mariela Solaque-Prieto ("Prieto") petitions this court to review the order of

the Board of Immigration Appeals ("BIA") denying her motion to reopen its earlier deportation ruling. We deny the petition.

Prieto, a native and citizen of Colombia, received a notice to appear, charging her with removability under 8 U.S.C. § 1227(a)(1)(B). She requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT") on the ground that she was persecuted by the Revolutionary Armed Forces of Colombia ("FARC").

Following a hearing, the Immigration Judge ("IJ") denied relief, finding Prieto lacked credibility and that she failed to establish past persecution on account of her political beliefs or a well-founded fear of future persecution. Prieto appealed to the BIA, which dismissed the appeal on May 30, 2008. This court subsequently denied Prieto's petition for review in an opinion dated February 5, 2009. *Solaque-Prieto v. United States Att'y Gen.*, 310 Fed. Appx. 326 (11th Cir. 2009).

Thereafter, on February 26, 2009, Prieto filed a motion to reopen proceedings with the BIA. She also sought to stay her removal. According to Prieto, she faced an increased danger if she returned to Colombia. She submitted affidavits to support her claims of danger from FARC.

The BIA denied the motion to reopen as untimely and found that there was no change in the country conditions to excuse the untimely motion. Prieto now

2

petitions this court for review, arguing that the BIA misunderstood or ignored the evidence indicating an alleged increase in the intensity with which the FARC anticipates her return to Colombia.

We review a BIA's denial of a motion to reopen for abuse of discretion. *Abdi v. United States Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). Our review in this regard "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (quotation and citations omitted). Further, we have held that the BIA's discretion to reopen "is so wide that even if the party moving has made out a prima facie case for relief, the BIA can deny a motion to reopen a deportation order." *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999) (quotation and citation omitted); *see also* 8 C.F.R. § 1003.2(a).

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (quotation and citation omitted). A motion to reopen proceedings shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *Id.* An alien who seeks to reopen proceedings bears a heavy burden and must present evidence that satisfies the BIA that, if the proceedings

3

were reopened, the new evidence would likely change the result in the case. *Ali v. United States Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

A motion to reopen must be filed no later than 90 days after the final administrative decision that is the subject of the motion. *See* 8 C.F.R. § 1003.2(c)(2). This deadline does not apply, however, if the motion to reopen is based on changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Prieto does not dispute that her motion to reopen was filed more than 90 days after the BIA's deportation ruling. She instead seeks to avail herself of the limited exception to the deadline set forth in § 1003.2(c)(3)(ii). Although Prieto did not base her motion on any purported changed country conditions, the BIA nonetheless *sua sponte* considered whether the "new evidence" offered by Prieto was sufficient to excuse the untimely motion and found that it was not. Specifically, the BIA found the affidavits offered by Prieto in her motion merely showed that FARC was continuing the intimidation and harassment tactics that existed at the time of Prieto's initial asylum hearing.

We agree. The new statements Prieto submitted do not tend to show any changed country condition that would excuse the untimely motion. Moreover, the affidavits do not establish an increase in FARC's intimidation tactics or harassment that did not exist at the time of Prieto's removal hearing. On this record, Prieto has not demonstrated that the BIA acted arbitrarily or capriciously in ruling that she

4

failed to produce evidence of changed country conditions sufficient to satisfy the limited exception to the 90-day deadline for the filing of a motion to reopen.

**PETITION DENIED.**