[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11131
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2012
JOHN LEY
CLERK

Agency No. A077-921-969


YAU LI LU,

Petitioner,


versus


U. S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 13, 2012)

Before EDMONDSON, WILSON, and BLACK, Circuit Judges.


PER CURIAM:

Yau Li Lu, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ's") denial of his motion to reopen his removal proceedings. Reversible error has been shown; we grant the petition and remand for additional proceedings.

Shortly after entering the United States in 2000, Lu was charged as removable and -- when he failed to appear for his removal hearing -- an IJ issued an order of removal in absentia. Lu filed a timely motion to reopen the removal proceedings which the IJ denied.

More than eight years later, Lu filed the instant motion to reopen his removal proceedings. Lu asserted that newly discovered and previously unavailable evidence established prima facie eligibility for asylum relief based on his practice of Falun Gong. He also argued that he was exempt from the time and numerical limitations on his motion to reopen based on changed circumstances in China. In particular, he contended that the Chinese government recently had begun targeting and investigating overseas Falun Gong practitioners and threatening their relatives in China. As part of its efforts, the Chinese government had learned that Lu was practicing Falun Gong and had delivered a written notice to his mother in China, ordering her to tell Lu to stop practicing Falun Gong and to

2

return to China for "severe punishment." The IJ denied Lu's motion to reopen, and the BIA dismissed his appeal.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review the BIA's denial of a motion to reopen for abuse of discretion. Jiang v. United States Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. "Motions to reopen in removal proceedings are particularly disfavored." Id. We also have an obligation to inquire sua sponte into issues of jurisdiction. See Bender v. Williamsport Area Sch. Dist., 106 S.Ct. 1326, 1331 (1986).

A party may file only one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B). A motion to reopen must be filed within 180 days after a removal order entered in absentia. Id. § 1229a(b)(5)(C)(i), (c)(7)(C)(iii). This time limit is "mandatory and jurisdictional." See Abdi v. United States, 430 F.3d 1148, 1150

3

(11th Cir. 2005) (concluding that the 90-day time limit set forth in 8 C.F.R. § 1003.2(c)(2) for filing motions to reopen was mandatory and jurisdictional). These numerical and time limitations do not apply, however, "when (1) an alien files a motion to reopen that seeks asylum . . . ; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." Jiang, 568 F.3d at 1256 (citing 8 C.F.R. § 1003.23(b)(4)(i)); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). A petitioner may also avoid the numerical and time limitations if the BIA sua sponte reopens the proceedings. See 8 C.F.R. § 1003.2(a) (providing that the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision").

That Lu's motion to reopen was both successive and filed outside the 180-day time limit is undisputed. And the BIA declined to sua sponte reopen the removal proceedings using its discretionary authority under section 1003.2(a). Thus, without an exception to the time and numerical limitations, Lu's petition is subject to a jurisdictional bar. See Abdi, 430 F.3d at 1150.

Although the BIA acknowledged Lu's argument that he qualified for an exception to the time and numerical limitations based on his evidence of changed country conditions, the BIA failed to address or to make findings on that issue.

Instead, the BIA dismissed Lu's appeal based on its conclusion that he failed to show a reasonable likelihood of success on the merits of his case. Because the BIA failed to address the threshold jurisdictional question of whether Lu had demonstrated changed country conditions, it lacked jurisdiction to consider the merits of Lu's untimely motion to reopen.

Thus, we vacate the BIA's decision dismissing Lu's appeal of the IJ's denial of his motion to reopen; and we remand this case for a determination of whether Lu qualified for an exception to the numerical and time limitations on his motion to reopen based on changed country conditions in China.

PETITION GRANTED; VACATED AND REMANDED.