[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11501
Non-Argument Calendar

_____

Agency No. A206-192-832

HUGO ISLAS-ENRIQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 13, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Hugo Islas-Enriquez, a native and citizen of Mexico, petitions for review of the denial of his motion to reconsider an order affirming the denial of his motion to reopen. 8 U.S.C. § 1229a(c)(6). Islas-Enriquez also moves for a summary reversal of the denial of his motion to reconsider. Islas-Enriquez's motion to reopen was untimely and he did not challenge that finding on appeal to the Board of Immigration Appeals. Because Islas-Enriquez failed to identify error in the denial of his motion to reconsider, we deny both his petition for review and his motion for summary reversal.

In 2013, the Department of Homeland Security charged Islas-Enriquez as inadmissible for entering the United States at an unknown time and place without being admitted or paroled by an immigration officer. Islas-Enriquez conceded that he was inadmissible and applied for cancellation of removal, *id.* § 1229b(b). In November 2017, an immigration judge ruled that Islas-Enriquez was ineligible for cancellation of removal because he had not resided in the country continuously for ten years. Islas-Enriquez did not appeal the decision.

Over a year later, in February 2019, Islas-Enriquez moved to reopen his removal proceedings based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), but the immigration judge found that the motion was "more than one (1) year untimely" and that Islas-Enriquez "failed to establish that he was *prima facie* eligible for relief." The immigration judge determined that a notice to appear that the

Department mailed Islas-Enriquez on February 4, 2014, "triggered the stop-time rule," *Pereira*, 138 S. Ct. at 2110, by stating that he was scheduled to appear before an Immigration Judge on April 21, 2015, at 8:30 a.m. at 180 Spring St. SW, Atlanta, Georgia, 30303. And the immigration judge explained that Islas-Enriquez's "claim[] that he entered the United States in April of 2004[ was] approximately two (2) months too late to meet the ten (10) year continuous presence requirement." Because the immigration judge was "not convinced that exceptional circumstances [had] been established in [the] case" to except Islas-Enriquez from the one-year deadline to file a motion to reopen," "no *sua sponte* basis [existed] upon which to reopen [his] case."

Islas-Enriquez appealed to the Board. He argued that his notice to appear was defective, that his removal to Mexico would cause his seven children extreme and unusual hardship and deny him treatment for his severe reactive arthritis, and that the Board should *sua sponte* reopen his removal proceedings. But Islas-Enriquez did not challenge the finding that his motion to reopen was untimely.

The Board "adopt[ed] and affirm[ed] the Immigration Judge's decision" and dismissed Islas-Enriquez's appeal. The Board rejected Islas-Enriquez's argument that his notice to appear was defective under *Pereira*. "[I]nsofar as [Islas-Enriquez] requested reopening to pursue cancellation of removal," the Board ruled that he was ineligible for such relief because, "as held by the Immigration Judge, [Islas-

3

Enriquez] [could not] demonstrate the requisite period of continuous presence." The Board also "agreed with the Immigration Judge that sua sponte reopening [was] not warranted" because that "authority [was] reserved for truly exceptional circumstances," which were absent "because [Islas-Enriquez] [was] not statutorily eligible for relief."

Islas-Enriquez moved for the Board to reconsider its decision. He argued that the Board erred in finding that he was statutorily ineligible for cancellation of removal and that his exceptional circumstances warranted *sua sponte* reopening his removal proceedings.

The Board denied Islas-Enriquez's motion to reconsider. The Board found that the motion to reconsider was timely, but it failed to "identify any error of law or fact in that Board decision or identify any argument advanced that was overlooked by the Board." And the Board "reiterate[d] that [Islas-Enriquez] ha[d] not established prejudice, in that he ha[d] not established clear error in any finding of fact, or legal error in any conclusion of law, made by the Immigration Judge."

"The decision to grant or deny . . . a motion to reconsider is within the discretion of the [Board], and we have recognized that this discretion is very broad." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (internal citation and quotation marks omitted). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the

4

matter of exercise has been arbitrary or capricious." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quoting *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005)).

We cannot say that the Board abused its discretion by denying Islas-Enriquez's motion to reconsider. He sought reconsideration of the denial of his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). And Islas-Enriquez did not challenge the timeliness ruling in his appeal to the Board. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). So Islas-Enriquez offered no reason, much less a compelling one, for the Board to reconsider its decision to affirm the denial of his motion to reopen.

Islas-Enriquez challenges the refusal of the Board to *sua sponte* reopen his removal proceedings, but we lack jurisdiction to review that decision. Islas-Enriquez never petitioned this Court to review the denial of his motion to reopen. "[W]e do not have jurisdiction to review earlier trips through immigration proceedings[.]" *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870 (11th Cir. 2018). And, even if Islas-Enriquez had petitioned for review, "we cannot review decisions of the [Board] that are committed to its discretion," like "a decision . . . not to exercise its power to reopen a case *sua sponte*." *Id.* at 871.

To be sure, Islas-Enriquez did not receive a single notice to appear sufficient to terminate his period of continuous physical presence in the United States, as

5

required by the "stop-time" statute, 8 U.S.C. § 1229b(d)(1). *See Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). But Islas-Enriquez had to challenge the finding that he was ineligible for cancellation of removal in his initial removal proceedings. Islas-Enriquez neither challenged the immigration judge's finding that he failed to maintain continuous physical presence in this country for ten years during his removal hearing nor appealed the denial of his application for cancellation of removal to the Board.

Islas-Enriquez was not entitled to relief by means of a motion to reopen. A change of law is not a ground on which to reopen a removal proceeding. The removal statute, 8 U.S.C. § 1229a, provides for reopening removal proceedings based on a change in country conditions, *id.* § 1229a(c)(7)(ii), and the battery of spouses, children, and parents, *id.* § 1229a(c)(7)(iv). Islas-Enriquez's motion to reopen was, without dispute, untimely. *See id.* § 1229a(c)(7)(C)(i). And the government has not waived its objection to the untimely nature of his motion.

We **DENY** Islas-Enriquez's petition for review. And we **DENY AS MOOT** his motion for summary reversal.